Filed 7/8/26  P. v. Lewis CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B338939 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA009198 |
| v. | |
| HOMER TYRONE LEWIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed as modified, remanded with directions.

Heather J. Manolakas for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Seth P. McCutcheon, Deputy Attorneys General for Respondent.

———————————

<h1 style="text-align:center">MEMORANDUM OPINION[1]</h1>

Appellant Homer Tyrone Lewis appeals the superior court's resentencing of his 1996 convictions for nine counts of solicitation to commit murder and nine counts of solicitation to commit a crime, pursuant to Penal Code section 1172.75.[2]  He argues that the court abused its discretion when it denied his request to impose concurrent terms as a part of his resentencing.  He also contends that the court did not correctly calculate and award custody credit.

We remand for the superior court to calculate the correct number of days of custody credit but otherwise affirm the judgment.

<h1 style="text-align:center">BACKGROUND</h1>

## I.  Facts[3]

While in custody pending prosecution on murder charges, Lewis solicited a cellmate to murder several witnesses.

## II.  Trial court proceedings

On May 31, 1996, the jury found Lewis guilty of nine counts of solicitation for murder (§ 653f, subd. (b); counts 1–9)

---

[1]  We resolve this appeal by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2]  All further undesignated statutory references are to the Penal Code.

[3]  We refer to the factual background from Lewis's petition for recall and modification of sentence pursuant to section 1172.75.

2

and nine counts of solicitation to commit a crime (§ 653f, subd. (a); counts 10–18).

Lewis waived his right to a jury trial on the prior conviction allegations. On July 10, 1996, the court found multiple prior felony convictions under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), including a conviction from 1986 for voluntary manslaughter (former § 192.1), and convictions from 1983 for kidnapping (§ 207) and robbery (§ 211). The court also found true two prior prison term enhancements under section 667.5, subdivision (b).

On each count of solicitation for murder (§ 653f, subd. (b); counts 1–9), the court imposed 25 years to life pursuant to the Three Strikes law. For each of these counts, the court imposed an additional two years for the prior prison term enhancements (§ 667.5, subd. (b)). For each of the remaining counts (§ 653, subd. (a); counts 10–18), pursuant to section 654, the court imposed and stayed 25 years to life, plus two years for the prior prison term enhancements (§ 667.5, subd. (b)). The total sentence was 243 years to life. The court awarded credit of 725 days in custody, calculated as 604 actual days and 121 days of local conduct credit.

## III. Resentencing proceedings

In 2022, the Department of Corrections and Rehabilitation informed the superior court that Lewis was eligible for resentencing.[4] After verifying that Lewis's sentence included the

---

[4] Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by invalidating prior prison term enhancements for all offenses except sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes by

3

invalid prior prison term enhancements under section 667.5, subdivision (b), the court appointed counsel to represent him on the resentencing proceedings.

On April 18, 2024, Lewis filed a petition for resentencing under section 1172.75. The petition noted Lewis's two disciplinary violations since 2018 and highlighted his employment from 2000 to 2022 and "satisfactory educational performance and achievement" in prison. In his petition, Lewis requested that the superior court impose concurrent sentences when resentencing him after striking the invalid prior prison term enhancements.[5]

On June 6, 2024, the court conducted a resentencing hearing. Lewis's attorney submitted on the written petition without additional evidence or argument. The prosecutor requested that the court strike the invalid prior prison term

---

Senate Bill No. 136 retroactive and added former section 1171.1, now section 1172.75, which provided a mechanism for resentencing defendants whose sentences included terms on the invalid enhancements. (Stats. 2021, ch. 728, §§ 1, 3; Stats. 2022, ch. 58, § 12.) The Department of Corrections and Rehabilitation initially identifies those defendants currently serving a term that included the invalid enhancement and forwards their information to the superior courts. Upon verification of eligibility of relief, the superior court recalls the sentence and conducts a resentencing hearing. (*Burgess*, at p. 380.)

[5] The petition appears to have inadvertently requested the court to impose the low or middle term for an attempted murder conviction for someone named "Mr. Reyes." The petition also requested that the court dismiss enhancements under section 186.22, subdivision (b). However, in this case, Lewis was not convicted of attempted murder, nor was a gang enhancement found true.

4

enhancements but have "everything else remain."  The superior court responded, "The court does agree given the defendant's background and the current offenses here and the way that this all came about and the serious nature of the charges.  As defense counsel points out, these are super strikes.  The context of him being in custody on a pending murder charge and soliciting the murder of the witnesses, obviously he poses a huge danger to society."

Pursuant to section 1172.75, the superior court struck the two prior prison term enhancements which were previously imposed as to each count.  The court ordered that all other sentencing terms remain the same as originally imposed and resentenced Lewis to a total term of 225 years to life.  The court awarded 10,193 actual days of custody credit, calculated from July 10, 1996 to June 6, 2024.

Lewis filed a timely notice of appeal.

## DISCUSSION

### I.  Consecutive terms

#### A.    *No abuse of discretion*

On appeal, Lewis argues that the superior court abused its discretion when it imposed consecutive terms for his nine counts of solicitation for murder.  We disagree.

"Section 669 grants the trial court with broad discretion to impose a consecutive sentence when a person is convicted of two or more crimes.  [Citations.]"  (*People v. Shaw* (2004) 122 Cal.App.4th 453, 458; *People v. Leon* (2010) 181 Cal.App.4th 452, 468 (*Leon*).)  The court may consider whether "(1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of

5

violence; or [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Cal. Rules of Court, rule 4.425(a)(1)–(3).)

"Any circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or judge in a court trial, may be considered in deciding whether to impose consecutive rather than concurrent sentences, except: [¶] (1) A fact used to impose the upper term; [¶] (2) A fact used to otherwise enhance the . . . sentence . . . ; and [¶] (3) A fact that is an element of the crime." (Cal. Rules of Court, rule 4.425(b)(1)–(3).)

A trial court has discretion to impose consecutive terms when a single act has resulted in crimes against multiple victims. (*Leon*, *supra*, 181 Cal.App.4th at p. 468; *People v. Calhoun* (2007) 40 Cal.4th 398, 408.) Consecutive terms for one solicitation of multiple victims are appropriate when the solicitation was for separate acts of murder of specific victims. (*People v. Cook* (1984) 151 Cal.App.3d 1142, 1146.)

"In the absence of a clear showing of abuse, the trial court's discretion . . . is not to be disturbed on appeal. [Citation.] Discretion is abused when the court exceeds the bounds of reason, all of the circumstances being considered." (*People v. Bradford* (1976) 17 Cal.3d 8, 20.)

Lewis asserts that the court improperly imposed consecutive terms based on the " 'serious nature of the crime[s]' and the circumstances under which the crime[s] [were] committed." Lewis speculates that "it is impossible to determine" whether the court improperly relied on an element of the charged

6

offenses because the court's use of the phrase " 'serious nature of the crime' " was unclear.

But the court did not improperly rely on an element of the crimes. Instead, it highlighted Lewis being in custody when he committed the solicitation for the murder of the witnesses. The court viewed Lewis's solicitation as more egregious than a typical solicitation because he demonstrated the ability to arrange killings while he was in custody, where he presumably would have had few resources. The offenses do not require the defendant to be in custody at the time of the solicitation. We conclude that the superior court did not improperly rely on any factor in deciding to impose consecutive terms, nor was that decision irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)

### B.    *No prejudice*

Lewis argues that it is "impossible to say . . . whether [the court] would have reached the same conclusion had it not considered the elements of the crime as grounds for imposing consecutive sentences." We disagree.

Even assuming the superior court improperly relied on the nature of the crimes to impose consecutive terms, that assumed error was harmless. The court declared that it would impose the same sentence under any circumstances, stating "And the court, even if it had discretion to change the sentence in any other way, would not find that it is in the interest of justice do so, and so the sentence that was previously imposed will remain in all respects."

In addition to the grounds challenged by Lewis, the court also stated that it was relying on his prior criminal record. As the prosecutor emphasized at the resentencing hearing and as

7

the Attorney General points out on appeal, Lewis has multiple prior convictions for violent offenses, including kidnaping, robbery, and voluntary manslaughter.[6] Lewis's numerous prior convictions and their increasing seriousness supported the court's decision to impose consecutive terms. "Only one criterion or factor in aggravation is necessary to support a consecutive sentence." (*People v. Davis* (1995) 10 Cal.4th 463, 552; *People v. Osband* (1996) 13 Cal.4th 622, 728–729.)

Under these circumstances, it is not reasonably probable that the court would have imposed concurrent terms or an otherwise more favorable sentence. (*People v. Gutierrez* (2001) 227 Cal.App.3d 1634, 1638.)

## II. Custody credits

Lewis argues, and the Attorney General agrees, that the superior court awarded the incorrect number of days of credit. We agree.

At the conclusion of the resentencing hearing, the superior court awarded 10,193 actual days. This figure only reflected the number of actual days from the original sentencing of July 10, 1996 to the resentencing of June 6, 2024. It did not include the number of days of original presentence actual credit. Additionally, the court did not indicate the original presentence local conduct credit.

On remand, the resentencing court must recalculate the actual time served to include the original presentence actual days in custody and the number of days in custody from the original

---

[6] Lewis was also in custody pending trial on two counts of murder when he committed the offenses in the underlying case. He was ultimately convicted of the two murder charges.

8

sentencing to the resentencing.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  The court must also indicate the presentence local conduct credit.

The most recent abstract of judgment reflects the original presentence credit, as well as the credit awarded at the resentencing.  But the oral pronouncement controls when a discrepancy exists between it and the abstract of judgment. (*People v. Burke* (2023) 89 Cal.App.5th 237, 244.)  We direct the superior court to amend the final abstract of judgment upon correcting the errors we have described.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 188 [appellate court may order modification of inaccuracies in abstract of judgment]; *People v. Moore* (1991) 226 Cal.App.3d 783, 788 [modifying judgment to correct conduct credits].)

## DISPOSITION

We remand and direct the superior court to calculate the correct number of days of credit to award Lewis.

The clerk of the superior court is to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EGERTON, Acting P. J.

KARNOW, J.*

---

\* Retired Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.